UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST JIM CHOI, | No. CV 20-00146 PSG (FFM) |
| Petitioner, | ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | |
| R. NDOH, | |
| Respondents. | |

On January 2, 2020, petitioner Ernest Jim Choi ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition attacks Petitioner's December 12, 2018, convictions for criminal threats (Cal. Penal Code § 422(a)) and stalking (Cal. Penal Code § 646.9(a)). The Petition alleges that sections 422(a) and 646.9(a) are unconstitutionally vague, violate the due process guaranteed under the Fifth and Fourteenth Amendments, and create arbitrary and discriminatory enforcement of law in violation of the Equal Protection Clause of the Fourteenth Amendment. (Petition at ¶ 12.) However, Petitioner admits that his claims have not been disposed of on the merits by the California Court of Appeal or the California Supreme Court. Petitioner alleges that he has filed, but has not yet received a decision on, a direct appeal in the California Court of Appeal, Second District (Case No. B301093), and habeas petitions in both the California Court of Appeal (Case No. B301073) and the

California Supreme Court (Case No. S258313) with respect to his claims. (Petition at ¶¶ 9, 11.)

Because none of Petitioner's claims have been disposed of on the merits by the California Supreme Court, all of his claims are unexhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (reiterating that exhaustion requires that a petitioner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state). Generally, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). A federal court may raise the failure to exhaust *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*).

Summary dismissal of the Petition is appropriate here. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." (citations omitted)). Ordinarily, the Court would afford Petitioner an opportunity to demonstrate that he is entitled to a stay of these proceedings while he exhausts his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). In this case, however, the Court finds that simply dismissing this case is less of a threat to Petitioner's chances of presenting his claims in federal court. Under 28 U.S.C. §§ 2244(d)(1)(A), Petitioner must challenge his convictions within one year after they become final. Petitioner's convictions have not yet become final because his direct appeal is still pending in the California Court of Appeal. Because the one-year limitations period has not yet commenced, the Court will not ask Petitioner to spend valuable time attempting to demonstrate that he is entitled to a stay when that time could be better spent pursuing exhaustion.

Moreover, a stay does not appear necessary in order to preserve Petitioner's ability to bring his claims in federal court. Because the limitations period has not yet

commenced, Petitioner is not in danger of running afoul of the one-year limitations period anytime soon. Petitioner is particularly unlikely to run afoul of the limitations period because the petitions filed in state court would likely toll the limitations period. *See* 28 U.S.C. § 2244(d)(2) (one-year limitations period statutorily tolled during pendency of properly filed state habeas petition). Put simply, the expiration of the limitations period is far from imminent.

In sum, the Petition is subject to dismissal because it consists entirely of unexhausted claims. Additionally, the Court declines to extend to Petitioner the opportunity to stay these proceedings because the time Petitioner would spend pursuing that unnecessary course of action instead of pursuing exhaustion could ultimately jeopardize Petitioner's ability to challenge his conviction in federal court.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: January 15, 2020

PHILIP S. GUTIERREZ
United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge